[No. 3,505.]

## JOHN C. BOWERS *v.* CHEROKEE BOB ET AL.

WRIT TO BE RESTORED TO POSSESSION IN FORCIBLE ENTRY.—If the plaintiff obtains judgment in an action of forcible entry and detainer, but does not obtain possession of the property, and a writ of restitution is not issued, and the judgment is afterwards reversed and the action dismissed, and during the pendency of the action third parties obtain possession of the property by collusion with a servant of the defendant, the defendant is not entitled to a writ to be restored to possession as against these third parties.

IDEM.—A defendant in forcible entry, against whom judgment is rendered, which is afterwards reversed, but who does not lose possession of the property under or through the judgment, is not entitled to be restored to possession as against third parties who have ousted him during the pendency of the action.

RENEWAL OF MOTION ONCE DENIED.—A motion made, in the usual course of practice, which has once been denied, may be renewed by leave of the Court; and, unless there is an abuse of discretion in granting this leave, the order will not be disturbed by the Supreme Court.

APPEAL from the County Court, City and County of San Francisco.

The original case of *Bowers* v. *Cherokee Bob*, out of which this appeal grew, is reported in 45 Cal. 496. The defendant in that case (Knight) was the appellant here ; and Blumenberg, Mendheim, Waugenheim, and Knack were the respondents. The plaintiff Bowers in the original case made an affidavit, used on the hearing of the motion in this case, which tended to show that during the pendency of the motion for a new trial the defendants consented that a writ of restitution should issue, and that he obtained one and placed it in the hands of the Sheriff, but that before the Sheriff could execute it the employés of defendant Knight sold out the possession of the property to Blumenberg, and that the writ was not served. The action was dismissed in the County Court, March 20th, 1871. The plaintiff Bowers was not a party to the motion in this case, nor to this appeal.

The other facts are stated in the opinion.

*B. S. Brooks*, for Appellant.

This Court has repeatedly held that, after the adjournment of the term, the Court loses all control over cases decided, unless its jurisdiction is saved by some motion or proceeding at the time, except in the single case provided by statute, where the summons had not been served, in which the party is allowed six months to move to set the judgment aside. (*Suydam* v. *Pitcher*, 4 Cal. 280; *Shaw* v. *McGregor*, 8 Cal. 521; *Baldwin* v. *Kramer*, 2 Cal. 582; *Bell* v. *Thompson*, 19 Cal. 706.)

The reason of this rule is obvious. There must be some finality in legal proceedings, and a period beyond which they cannot extend. The safety and tranquillity of parties require that their interests should not be constantly suspended and their repose liable to be disturbed at any moment by the discretion of the Court. (*Carpentier* v. *Hart*, 5 Cal. 407.)

" Having held, in repeated cases, that inferior Courts cannot grant a new trial, or interfere with their judgments or

decrees, in any material part, after the adjournment of the term, we think it best, for the sake of uniformity, to conform to this rule." (*Robb* v. *Robb*, 6 Cal. 21.)

In *Bell* v. *Thompson*, 19 Cal. 707, counsel attempted to induce the Court to make a distinction when the order or judgment was *ultra vires*, or without jurisdiction. "But," the Court say, "in the numerous cases which have been decided in this State, no distinction is made or alluded to as to the ground of the application, the language being that, ' after the adjournment of the term, the Court loses all control over its judgments;' and adds: ' Under the effect of the decisions heretofore made by this Court, we think it must be considered as settled in this State, that no motion can be entertained by a District Court to set aside a judgment on any ground, including that of want of jurisdiction over the person of the defendants in the action in which the judgment was entered-after the expiration of the term in which it was entered, unless its jurisdiction is saved by some motion or proceeding at the time, except in cases provided by the sixty-eighth section of the Practice Act.'" In *Lattimer* v. *Ryan*, 20 Cal. 628, the judgment was void, but the Court could not set it aside.

The respondents had no standing in Court whereby they could move the said cause.

No one but a party to a cause can make a motion therein or appear in that cause for any purpose. In *Demick* v. *Deringer*, 32 Cal. 491, it is decided that even a landlord, where his tenant is sued and permits judgment to go by default, cannot make a motion in his own name to have the judgment vacated and to be let in to defend in place of his tenant, but must make the motion in the name of the defaulting tenant.

The usual practice is for the party in possession to contest

the suit in the name of the Sheriff. He indemnifies the Sheriff; the Sheriff refuses to execute the writ, and is ordered to show cause why he should not execute it, and the party in possession, in the name of the Sheriff, shows cause, and the Court stays the execution of the writ or orders, the Sheriff to proceed as the merits may require. (*Jackson* v. *Rathbone*, 3 Cowen, 291 ; *Leese* v. *Clark*, 29 Cal. 694.)

A special motion cannot be renewed without leave of the Court for that purpose obtained. (*Mitchell* v. *Allen*, 12 Wendell, 290; *Dolfus* v. *Frosch*, 5 Hill, 493; *Allen* v. *Gibbs*, 12 Wend. 202; *Willet* v. *Fayerweather*, 1 Barb. 73; *Bellinger* v. *Martindale*, 8 How. 113; *Bowman* v. *Sheldon*, 5 Sandf. 657; *Cazneau* v. *Bryant*, 4 Abb. 402; *Snyder* v. *White*, 6 How. 321; *Mills* v. *Thornly*, 11 How. 114; *Peet* v. *Cowenhoven*, 14 Abb. 56; *White* v. *Monroe*, 12 Abb. 337.)

Leave will not be given to renew a motion to enable a party to insist on facts known to him, but not insisted upon at the hearing of the original motion. (*Patterson* v. *Bacon*, 12 Abbott, 142; 21 How. 478; *Schlemmen* v. *Myerstein*, 19 How. 412; *Lovell* v. *Martin*, 12 Abb. 178.)

*R. H. Lloyd* and *William Irvine*, for Respondents.

There were new and additional facts disclosed by the affidavits that were not involved in the decision made on the 20th of February, 1871. It was then claimed, and the order recited, that the writ was issued to place Knight in possession of the premises of which he was dispossessed under and by virtue of the judgment rendered on the 24th of October, 1868, in the case of *Bowers* v. *Knight et al.*, "which judgment has by the Supreme Court been reversed and set aside."

This assumption and recital was and is false, and without the slightest foundation in truth and in fact. The writ issued in favor of Bowers, pending the appeal from the judgment of October 24th, 1868, was not executed. Bowers did not either get or claim any possession of the premises now in

dispute ; and, by Knight's own showing, the respondents got into possession under him, and not under Bowers ; and that he would be entitled to a writ in that action to put them out is altogether a novel proposition.

It seems, too, that when Knight notified Bowers that he did not wish to stay the writ of restitution in favor of Bowers, and when he consented that the writ issue to Bowers, it was done for the express purpose of turning out the respondents, who had regained their original possession by buying off Knight's employés, for he went to Bowers and urged him to compel the writ to be executed. That fact is sworn to by Bowers, and is not disputed by Knight.

The point made that respondents could have no standing in Court to make the motion, is untenable. It is the every day practice in the Court to control its process at the instance of any party to be wrongfully affected, and to do it in a summary way. And a party being so entitled to be heard is not allowed to enjoin the execution of the process in an independent action. (*Watson* v. *Dowling*, 26 Cal. 124 ; *Tevis* v. *Ellis*, 25 id. 515; *Le Roy* v. *Rogers*, 30 id. 229, 234.)


By the Court, BELCHER, J. :

The plaintiff obtained a judgment against the defendants in an action of forcible entry and detainer, which was subsequently reversed. While the action was pending on appeal in this Court, the respondents, Blumenberg, Mendheim, Wangenheim, and Knack, who claimed to own the property as against both plaintiff and defendants, finding one Farley, an employé of the defendant Knight, in possession, purchased whatever right of possession he had, and thereupon themselves took possession.

On the 12th of January, 1871, the remittitur from this Court having been filed in the Court below, and the action dismissed, the defendant, Knight, gave notice to the plaintiff

that he would move the Court, on the twenty-first of January, for a writ commanding the Sheriff to restore him to the possession. The hearing of this motion was continued until the thirteenth of February, when it appearing that Blumenberg was in possession, claiming an interest in the property, there was a further continuance until the twentieth of February, and notice was directed to be served on Blumenberg, requiring him to appear and answer as to his interest.

The motion was heard on the twentieth of February, upon affidavits filed by the defendants and Blumenberg, and, thereupon it was ordered that the motion be granted, and "that a writ of restitution issue out of this Court, placing the defendants herein in possession of the premises and property described in the complaint, and of which said defendants were heretofore dispossessed under and by virtue of a judgment rendered in this Court on the 24th day of October, 1868, in the case of *John C. Bowers* v. *Thomas Knight, et al.;* which said judgment has by the Supreme Court been reversed and set aside."

This order was subsequently modified so as to direct the writ to issue only in favor of the defendant Knight. In pursuance of the modified order a writ of restitution was issued, but its service was enjoined by one of the District Courts, and the injunction remained in force until the 26th of January, 1872, when it was dissolved. On the 31st of January, 1872, counsel for the defendant Knight obtained an ex parte order that an alias writ of restitution issue, and on the first of February an alias writ was issued, and placed in the hands of the Sheriff for service. On the second of February the respondent obtained an order on the defendant Knight and the Sheriff to show cause "why the said writ should not be recalled, vacated, and set aside." On the fifth of February the motion was heard upon the affidavit of the defendant Knight, and thereupon, "after a full hearing by

the Court," it was ordered that "the order to show cause why the alias writ of restitution issued herein, should not be set aside and vacated, be refused and denied."

On the fourteenth of February the respondents presented to the Court new affidavits, and thereon obtained another order on the defendant Knight and the Sheriff to show cause why the alias writ should not be vacated and set aside. This motion was heard on the twenty-seventh of February, upon affidavits presented by the moving and contesting parties ; and thereupon it was " ordered that the alias writ of restitution in favor of Thomas Knight, issued out of this Court on February 1st, 1872, be and the same is hereby recalled, vacated, and set aside." From this last order this appeal is taken.

It is apparent that the order of February 20th, 1871, was improperly made. The respondents entered into the possession of the property by some collusion with the servant or employé of Knight, and not under the plaintiff. The plaintiff did not regain possession under the judgment he had recovered, nor did Knight loose his possession under or in pursuance of that judgment. He was not, therefore, entitled to process in that action to place him in possession as against the respondents. But if this be so, it is now claimed that when the order was made the Court lost all power to set it aside, and that at any rate when on the 5th of February, 1872, it refused to recall and set aside the alias writ its power in the premises was exhausted, and it had no jurisdiction to make the order from which this appeal is taken. The argument is that the matter was *res adjudicata* in that Court, and being appealable orders, if they were deemed to be wrong, relief should have been sought by appeal.

In *Doyle* v. *Ford*, 44 Cal. 635, in which there was an application for an alias writ of possession, we said : "The doctrine of *res adjudicata*, in its strict sense, does not apply to

such motions made in the course of practice, and the Court may, upon a proper showing, allow a renewal of a motion of this kind once decided. But this leave will rarely be given, upon the ground that the moving party can procure additional evidence in support of his motion, unless it also appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented by reason of the surprise or excusable neglect of the moving party."

It is quite usual when a motion is denied, which the moving party desires to renew, to have the entry show that it was denied without prejudice. Leave to renew need not, however, be given at the time of the denial. It may be given at any time afterward as well, and when given may be acted upon. In this case there must necessarily have been an application to the Court for leave to renew the motion, and the application must have been granted. This is evident from the fact that the Court entertained the motion for an order to show cause, and afterward, when the principal motion came on to be heard, entertained and granted it against the objections of the defendant. The application was addressed to the discretion of the Court, and there are various reasons suggesting themselves why it was exercised as it was. Only one of the respondents was notified of the motion heard on the 20th of February, 1871, and the motion heard on the 5th of February, 1872, was heard on the affidavit of Knight alone. It may be that the Court thought that the respondents should all have been notified in the first instance, and that their failure to present their affidavits on the fifth of February, was due to some mistake or excusable neglect.

We cannot say that the Court abused its discretion, and its order is therefore affirmed.

Mr. Chief Justice WALLACE did not express an opinion.