[No. 9333.   Department Two. — May 27, 1886.]

# C. M. HITCHCOCK, RESPONDENT, *v.* J. E. McELRATH, APPELLANT.

PRACTICE — RENEWAL OF MOTION — JURISDICTION — DISCRETION. — In all ordinary motions, where the jurisdiction is not limited by statute, it is in the discretionary power of the court or judge hearing and denying a motion to grant leave for its renewal.

ID. — This discretionary power will be presumed to have been properly exercised, unless the contrary is made to appear. So *held* where leave was granted a third time on new grounds to renew a motion to set aside a default.

ID. — DEFAULT. — A default inadvertently permitted by a party having a substantial defense presents a case in which great latitude should be extended to the discretion of the court by which the default was set aside.

APPEAL from an order of the Superior Court of the city and county of San Francisco setting aside a default.

The facts are stated in the opinion.

*William H. Fifield,* for Appellant.

*Clement, Osment & Clement,* for Respondent.

SEARLS, C. — This appeal is taken by the defendant from an order setting aside a default entered against plaintiff for want of an answer to an amended cross-complaint. Various reasons were set forth as grounds upon which the motion was made.

Two motions had been previously made with the same object in view, the first of which was denied without prejudice on account of the informality in the moving papers. The second was also denied, but for what reason does not clearly appear. Subsequently the order of denial was so modified as to permit plaintiff to renew his motion, which was accordingly done, and additional grounds specified as reasons why the motion should be granted, and upon the hearing of said last motion, the default was set aside.

A motion once made and denied, except for informality in the papers or proceedings, cannot be renewed before any other court or officer except a higher tribunal, save where liberty is given by the court or officer refusing the motion to renew the same. (Code Civ. Proc., sec. 182.)

In all ordinary motions, where the jurisdiction is not limited by statute, it is in the discretionary power of the court or judge hearing and denying a motion to grant leave for its renewal, and this discretion will not be interfered with, except in cases of palpable abuse. (*Bowers* v. *Cherokee Bob*, 46 Cal. 279.) And the leave to renew a motion may be given after the original motion is denied. (*Kenney* v. *Kelleher*, 63 Cal. 442.)

It stands to reason that where such leave lies within the discretion of the court it will be presumed to have been properly exercised, unless the contrary is made to appear. In the present instance we see no cause for

doubting the propriety of the action of the court below in granting leave, under the circumstances, to move, even a third time, to set aside the default.

2. The affidavits used on the hearing, to portions of which defendant's counsel objected, contained matters of doubtful propriety upon such a motion; but as those affidavits, aside from the matter objected to, contained a sufficient showing of a meritorious defense to the cross-complaint, and as the objectionable matter was only collateral to such defense, they may be treated as surplusage, and will not warrant the reversal of the action of the court below.

3. Upon the merits we are of the opinion the action of the court in granting the motion and setting aside the default should be upheld. It is always desirable that every cause should be heard upon its merits, and finally decided in consonance therewith. Hence a large discretion is vested in courts of original jurisdiction in removing such obstacles and impediments as tend to prevent a full and fair hearing of pending causes, and a default inadvertently permitted in a cause, by a party having a substantial defense, presents a case in which great latitude should be extended to the discretion of the court by which such default is set aside.

Upon a review of the record, we are of opinion that the discretion of the court below was properly exercised in this cause, and that to have refused the motion *might* have worked injustice, and therefore that the order appealed from should be affirmed.

BELCHER, C. C., concurred.

FOOTE, C., did not participate in this case.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.