[S. F. No. 353.   Department One.—January 28, 1897.]

ELIZA JOHNSTON, ADMINISTRATRIX, ETC., OF WILLIAM
BUCK, DECEASED, ET AL., RESPONDENTS, *v.* ELIZA M.
BROWN ET AL., APPELLANTS.

PRACTICE — PLACE OF TRIAL — DISQUALIFICATION OF JUDGE — ATTORNEY'S
RELATIONSHIP TO JUDGE.—In order to disqualify a judge from sitting
or acting in an action or proceeding pending in his court, by reason of
his relationship to a person appearing as an attorney for a party thereto,
it is not necessary that such person should be an attorney of record,
nor does his relation as attorney depend upon the obligation of his client
to compensate him for his services, or upon the continuance of a part-
nership between him and the attorney of record.

ID.—CONFLICT OF EVIDENCE.—Where the evidence as to the existence of
the relation of attorney and client is conflicting, the decision of the trial
judge thereon is not open to review on appeal.

ID.—RELATION OF ATTORNEY AND CLIENT.—The fact that at a previous
trial of a similar action between the same parties the attorney, who was
a relative of the judge, sat at the table in court with his partner, who
was the attorney of record, took notes of the evidence, and assisted in
the trial of the case, is sufficient to warrant the court in determining
between the conflict in the evidence that his relative was in fact an
attorney in the cause, and in holding himself disqualified to try it.

ID.—GRANTING MOTION AFTER PREVIOUS DENIAL.—The denial of an appli-
cation for a change of the place of trial does not preclude the granting
of a similar application subsequently made, as the doctrine of *res judicata*
is not applicable to motions in a pending action.

APPEAL from an order of the Superior Court of San
Benito County granting a change of the place of trial.
JAMES F. BREEN, Judge.

The facts are stated in the opinion of the court.

*Scott & Dooling,* and *N. C. Briggs,* for Appellants.

*D. W. Burchard, Frs. E. Spencer, G. B. Montgomery,*
and *L. W. Jefferson,* for Respondents.

HARRISON, J.—Appeal from an order changing the
place of trial.

The motion was made upon the ground that the judge
of the court was disqualified by reason of being related
within the third degree to one of the attorneys for the
defendants.   At the hearing of the motion it was made

to appear that John N. Hudner was the husband of a
niece of the Hon. James F. Breen, the judge of the su-
perior court for the county of San Benito, in which the
action was pending, and for more than three years prior
to the making of the motion had been the general law
partner of N. C. Briggs, one of the attorneys of record
for the defendants, and was such general law partner at
the time of the appearance herein.   One of the plaintiffs
made an affidavit, which was read at the hearing of the
motion, in which she stated "that the said John L.
Hudner, Esq., has been acting continuously since the
filing of defendants' answer herein, in conjunction with
his law partner, as one of the attorneys in the case, al-
though the answer is signed by his law partner, N. C.
Briggs, Esq; that at all times since the appearance of
the defendants in this action, said John L. Hudner has
been actively engaged in the examination of witnesses
and preparation for trial in conjunction with his said
law partner, N. C. Briggs, Esq., and as counselor for the
defendants herein."   In an affidavit by one of the de-
fendants it was stated "that said Hudner has not been
employed by said defendants as one of their, or either
of their, attorneys in said action; and that said Hudner
has not performed any services in said action, or in any
respect assisted defendants in their defense to said ac-
tion."   It was also stated in this affidavit that Mr.
Hudner "has nothing coming to him by reason of any
fee due or payable to N. C. Briggs for his services as
attorney in said action, nor by reason of any partner-
ship or business association with said Briggs."   The
defendants also presented a document signed by Mr.
Hudner, by which they were "released" from any and
all liability to him as attorney for them, and in which
he declared that "I am not an attorney directly or in-
directly in said cause, and that I have no interest
therein, and will not participate in the trial of the said
cause"; and also a document signed by both Briggs and
Hudner, by which they agreed that their partnership,
"so far as the same relates to the legal or other services

to be performed in the above-entitled action," was dissolved. It was also shown that this action is one of several of the same nature brought by the same plaintiffs against the defendants to set aside certain deeds of land in San Benito county, and depending upon the same facts. One of these actions had been tried before the present motion was made, before another judge who had been called in therefor by reason of the claim of Judge Breen that he was disqualified, and it was shown that at the trial of that cause Mr. Hudner "sat at the table with his law partner and assisted at the trial of said cause, and acted as one of the attorneys for the same defendants that are now defendants herein." Upon this showing the court found that Mr. Hudner was, in legal effect, one of the attorneys for the defendants within the contemplation of section 170 of the Code of Civil Procedure, and that by reason thereof he was disqualified to sit or act as a judge in the action, and accordingly made an order transferring the cause to the county of Santa Clara for trial. From this order the plaintiffs have appealed.

Whether a judge is disqualified to sit or act in an action or proceeding pending in his court is a question of law depending upon the existence of the facts which are necessary to constitute such disqualification, and, although the decision of the question may affect the judge who makes the decision, the rules for determining the existence of the facts are the same as though the decision affected another person than the judge. Whether Mr. Hudner was an attorney of the defendants was to be determined by Judge Breen from the matters presented to him at the hearing of the motion, and if there was any conflict in the affidavits of the respective parties his decision upon such conflict is not open to review. It was not requisite that Mr. Hudner should be an attorney of record in the case, nor did his relation as attorney for the defendants depend upon their obligation to compensate him for his services, or upon the continuance of his partnership with Mr. Briggs. The

fact that at the previous trial of one of the actions, in which his relation to the cause and to the defendants was the same as in the present action, he sat at the table in court with his partner, took notes of the evidence offered, and assisted as one of the attorneys in the trial of said case, as found by the court in its order changing the place of trial, justified the court in determining between the conflict in the respective affidavits, that he was in fact an attorney for the defendants, and in holding himself disqualified to try the cause.

The court was not precluded from making the order by reason of a former application having been denied. The doctrine of *res judicata* is not applicable to motions in a pending action. (*Ford* v. *Doyle,* 44 Cal. 635; *Bowers* v. *Cherokee Bob,* 46 Cal. 279.) A previous denial of the same motion may be a sufficient reason for the court to refuse to entertain it again (Code Civ. Proc., sec. 182); but this is a matter which is addressed to its discretion, and it will be presumed to have properly exercised its discretion if it permits the motion to be presented a second time. (*Hitchcock* v. *McElrath,* 69 Cal. 634.)

The order is affirmed.

VAN FLEET, J., and McFARLAND, J., concurred.