[Civ. No. 3004.    First Appellate District, Division One.—September 2, 1919.]

## PETER JOHNSON, Respondent, v. HEDVIG NELSON et al., Appellants.

[1] EXECUTIONS—PREMATURE MOTION TO SET ASIDE RETURN OF SALE—RIGHT TO RENEW MOTION.—In an action to foreclose a mortgage, an order denying a motion, made prior to the return of sale by the sheriff, to vacate such return and directing a new order of sale to be issued, does not render the matter *res adjudicata* as to a second motion made for the same purpose after such return of sale has been made.

[2] ID.—RES ADJUDICATA—DOCTRINE NOT APPLICABLE TO MOTIONS.—The doctrine of *res adjudicata* does not apply to motions, the matter of their renewal being in the discretion of the trial court.

---

2. Rule of *res adjudicata* as applicable to motions in pending action, note, Ann. Cas. 1914D, 974.

[3] ID.—UNSATISFACTORY RETURN BY SHERIFF — SETTING ASIDE EX
PARTE.—A trial court, having had brought to its attention that
the sheriff, as its officer, has made an equivocal and unsatis-
factory return upon an order of sale issued to him in an action
to foreclose a mortgage, and that the same was unsatisfied, has
full power *ex parte* to set aside such return and direct a new
order of sale to be issued and executed.

APPEAL from an order of the Superior Court of Los
Angeles County setting aside a sheriff's return of sale and
directing a new order of sale to be issued. Pat R. Parker,
Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

John F. Poole and Wm. Lewis for Appellants.

Charles J. Kelly and D. A. Stuart for Respondent.

RICHARDS, J.—This is an appeal from an order made
after final judgment setting aside a sheriff's return of sale
for the foreclosure of a mortgage and directing a new order
of sale to be issued.

The facts are undisputed and are as follows: The mort-
gage was duly foreclosed and a decree of sale of the mort-
gaged premises made and entered, and an order of sale duly
issued thereon and placed in the hands of the sheriff for exe-
cution. On the day on which the sale was advertised to take
place the plaintiff and also one of his attorneys were present
at the time and place of sale; the plaintiff personally made a
bid of an amount somewhat less than the total sum then due.
His attorney also on his behalf made a bid of the total sum
due. There were no other bidders. A misunderstanding
arose between the sheriff and the plaintiff as to the sum
actually bid, the sheriff insisting that he had struck off the
property for the amount of the plaintiff's personal bid.
Thereupon, and before the sheriff had made any return
of sale, the plaintiff moved the court for an order vacating
and setting aside the sale. When this motion came on for
hearing, the sheriff not yet having made his return of sale,
the court denied the motion. Thereafter the sheriff made his
return of sale which, while reciting the fact that the property
was sold, returned the order of sale as wholly unsatisfied.

Thereupon the plaintiff moved the court to set aside this return of sale and direct a new order of sale to be issued. Upon the hearing of this motion the court granted the same, and from its order to that effect this appeal has been taken.

[1] The first point urged by the appellants is that the trial court had no jurisdiction to make the order appealed from, for the reason that the first order of said court denying the plaintiff's motion to vacate the sheriff's return of sale rendered the matter *res adjudicata,* and hence the court had no power to grant the plaintiff's second motion to set aside the return of sale. The point is utterly without merit for two reasons: First, that the two motions are dissimilar in the important respect that at the time the plaintiff's first motion was made no return of sale had yet been made by the sheriff, and the motion was therefore premature and doubtless was denied for that reason; while said return of sale was on file when the second motion was made, presenting an entirely different situation to the trial court; [2] and the second reason why the point is without merit is that under the settled practice in this state the doctrine of *res adjudicata* does not apply to motions, the matter of their renewal being in the discretion of the trial court. (*Ford* v. *Doyle,* 44 Cal. 635; *Bowers* v. *Cherokee Bob,* 46 Cal. 279; *Johnston* v. *Brown,* 115 Cal. 694, [47 Pac. 686]; *Gay* v. *Gay,* 146 Cal. 237, [79 Pac. 885].)

The next contention of the appellants is that the court was in error in granting the motion in question because all of the proper parties to the action had not been served with notice of the motion. This appeal has been taken by a number of persons other than the original mortgagor and main defendant in the action. The record before us does not contain any of the pleadings or proceedings in the case prior to the making and entry of the decree of foreclosure, and we have, therefore, no means of knowing except from the terms of said decree who the defendants in the action were, or what issues were presented by them, or in what way any of them may have been interested in the proceedings in the case subsequent to the entry of the decree of foreclosure and issuance of the order of sale. The record before us, however, discloses that a number of these appealing defendants appeared upon the hearing of said motion to set aside the sheriff's return of sale, and at that time made no objection that they themselves had

not been duly served with notice of said motion, and only objected because some other unnamed and unidentified defendants had not been served with such notice. The only evidence offered in support of said objection was the original notice of trial of the cause, which showed that there were quite a number of defendants who had at that time been served with such notice; but as to what interest they may have had in the case, particularly after the final decree of foreclosure, we are left entirely in the dark. In a word, it is nowhere made to appear how these defendants have been injuriously affected by the fact that some defendants other than themselves and whose interest is not disclosed were not served with notice of the motion to set aside the sheriff's return of sale.

[3] In addition to the foregoing considerations the fact that trial courts have control of their process, and that the trial court in this particular case, upon having brought to its attention the fact that the sheriff, as its officer, had made an equivocal and unsatisfactory return upon the order of sale which had been issued to him, and that the same was unsatisfied, would have had full power *ex parte* to set aside such return and direct a new order of sale to be issued and executed, brings this case perilously near the point of being a frivolous appeal.

No error appearing upon the face of the record before us the order is affirmed.

Waste, P. J., and Bardin, J., *pro tem.*, concurred.