296 P.2d 344]

[Civ. No. 16708.   First Dist., Div. Two.   Apr. 23, 1956.]

AUGUSTA DAHLIN, Appellant, v. ORRIN C.
MOON et al., Respondents.

William Berger for Appellant.

Gordon I. Smith for Respondents.

THE COURT.—This is an appeal from an order setting aside a default and default judgment.

Defendants had originally noticed a motion to set aside the judgment only. The notice was amended to include the setting aside of the default, the amended notice being served on plaintiff's attorney immediately prior to the hearing with permission of the court. The motion was supported by an affidavit of defendants' attorney, which stated in substance the following:

The judgment was obtained through said defendants' and their counsel's inadvertence, surprise and excusable neglect. The attorneys of the parties had been in extensive correspondence with each other since August 1953 about the dispute involved in the action and its settlement. The parties were in contact for the same purpose. Defendants, who are husband and wife, were served with summons on June 15, 1954, without affiant, their attorney, being informed of that fact. They brought the papers to affiant on June 28 only, because of temporary absence of the husband. Affiant, who was preparing to leave on vacation, telephoned plaintiff's counsel on July 2d, 1954, and told him that he was leaving on vacation for one or two weeks and asked for additional time to plead. He then heard that default had been entered on June 29th without any information having been given him. Plaintiff's counsel advised further settlement discussions with defendants. Affiant said he would do so immediately on his return from vacation and requested that until that time no judgment would be taken. Plaintiff's attorney assured him twice that nothing further would be done until affiant contacted him. However, on his return from vacation on July 15, 1954, he found a letter of his opponent dated July 7 in which counsel stated that he would take judgment unless he heard further by July 13. On telephoning plaintiff's counsel he was told that on the 13th judgment had been taken; "his client ordered

him to proceed.'' The judgment had actually been taken on the 15th of July. When the court then asked whether plaintiff's attorney knew whether defendants had had legal advice, he told the court only that an attorney had called on July 2d and had asked to hold the default, and he introduced a copy of his letter of July 7th stating that he had not had any answer to it. Affiant had informed defendants that they had a good defense and affirmative right in the action. An answer and cross-complaint to be filed was attached to the affidavit.

On the hearing of the motion on September 13, 1954, no counteraffidavit was filed, and there was no sworn denial. Plaintiff's attorney vaguely denied ''a great many'' of the matters set forth in the affidavit. He stressed technical objections: the lateness of the notice of the amendment, the absence of grounds for the motion in the notice of motion itself, insufficiency of the affidavit of merits. The court stated in substance: no defense on the merits had been put in; the motion would be denied because the notice was faulty in that it did not set forth the grounds on which it was made; as there would be a denial on that ground the affidavit of merits should also be looked into; the motion was denied on only the technical grounds and not on the merits; defendants have six months . . .; the affidavit and prospective answer and cross-complaint filed could be incorporated by reference in a further notice of motion.

The clerk's minutes contain under date of September 13, 1954: ''It was by the court ordered motion denied on technical grounds not on its merits.'' A formal order filed September 20, 1954, denied the motion to set aside and the amended motion to set aside without adding that the denial was not on the merits. No appeal was taken from either order.

After the oral denial stated, defendants filed another notice of motion which contained the grounds previously stated in the affidavit of their counsel, incorporated said affidavit and proposed answer and cross-complaint and added an affidavit of merits and further affidavit of defendants as to their mistake and allegedly excusable neglect as to the papers served on them, stating among other things that because of the long pending negotiations they thought that the matter would be settled and was not urgent. At the hearing of their motion plaintiff again did not file a counteraffidavit or produce any evidence. Her attorney relied on technical grounds, mainly that after the previous denial the court was without power to entertain a motion on the same grounds and

4

he moreover urged that the affidavits in support of the motion did not state facts entitling defendants to relief. The court granted the motion and plaintiff appeals. She repeats on appeal both points urged below. We have concluded that both are without merit.

Appellant contends that the fact that the signed order does not contain a statement that the denial does not go to the merits prevents us from considering the previous statements of the court to that effect, citing cases like *Strudthoff* v. *Yates,* 28 Cal.2d 602, 615 [170 P.2d 873] which held that an opinion of the trial court cannot be used to contradict the judgment or findings. It may be doubtful whether the unnecessary written order, the preparation of which was not directed in the minute order, was the effective order, although no time for filing of notice of appeal under rule 2(b) of the Rules on Appeal was here involved. However, we need not decide this point because there is no conflict between the minute order and the written order. Both deny the motion. The minute order moreover shows the basis of said denial. Even if the written order were the actual decision and the minute order and the oral statements which it reflects stood to it in the relation of an opinion of the trial court, then we still could use them to find the basis of the court's decision.

Although the opinion of the trial judge cannot be considered to impeach the findings or judgment it may be considered "for the purpose of discovering the process by which the trial judge arrived at his conclusions, or when the opinion furnishes the basis of the court's action in its decision of the case." (*Union Sugar Co.* v. *Hollister Estate Co..* 3 Cal.2d 740, 750 [47 P.2d 273] ; see also *People* v. *One 1951 Ford Sedan,* 122 Cal.App.2d 680, 683 [265 P.2d 176].) We accordingly note that the denial was intended to be on technical defects only, with opportunity to renew the motion so as to correct said defects.

It has been held that a court can in its discretion permit the renewal of a motion to vacate, even when the previous motion had been denied on the merits. (*Hover* v. *MacKenzie,* 122 Cal.App.2d 852, 857 [266 P.2d 60] ; *Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675].) There can be no doubt that it has such power when the denial was on formal grounds only, without consideration of the merits. (*Cf. Andersen* v. *Superior Court,* 187 Cal. 95, 102 [200 P. 963].)

With respect to review of the merits it has been said by our Supreme Court:

"The granting or denying a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court declines to set aside its order. Especially are we indisposed to review its action when it has set aside the default, and it does not appear that the plaintiff has sustained any prejudice thereby. This discretion of the court is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties. Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it." (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 P. 63].) In this case there is no showing of prejudice to plaintiff. Although some lack of diligence of defendants and their attorney is undisputed the trial court evidently considered it as excusable under the facts of the case, to wit, close contact and protracted settlement negotiations between the opposing parties and counsel, which may have lulled defendants and their attorney into a sense of security (*Beard* v. *Beard,* 16 Cal.2d 645, 648 [107 P.2d 385]), and the taking of the default without any notice to the defendants' attorney. In *Farrar* v. *Steenbergh,* 173 Cal. 94, 98 [159 P. 707] it is said, "Attorneys do not usually take defaults against opposing attorneys with whom they are on friendly terms, without giving information thereof. . . . Courts should not encourage the practices here followed . . ." In 2 Witkin, California Procedure, 1694, this case is cited as authority for the following statement: "There is no statutory or rule requirement that the plaintiff's attorney notify the defendant's attorney (if known) that he intends to take a default. But failure to do so will usually be a sufficient ground for setting the default aside on motion under C.C.P. 473." In this case the undesirable practice was aggravated by the taking of the default judgment contrary to agreement between counsel and the incomplete information given by plaintiff's attorney to the trial court, who questioned him about the representation of defendants. Under the above circumstances we do not consider the court's implied holding that the neglect was excusable an abuse of discretion.

Order affirmed.