[Civ. No. 9914.   Third Dist.   Dec. 6, 1960.]

EARL LOUIS NELSON et al., Appellants, v. S. W.
SOUTHERLAND et al., Respondents.

Balocco & Filippelli for Appellants.

Frank H. McAuliffe for Respondents.

VAN DYKE, P. J.—This is an appeal from an order setting aside a default judgment entered in a quiet title action.

Respondents were served with copies of the complaint and summons in this action on August 26, 1959.  On September 4th and 6th appellants' counsel advised respondents that the 10 days in which they had to appear and answer was expiring. On September 8th respondents' counsel obtained by order of court an extension of time to and including the 22d day of September in which to appear and answer.  On September 11th appellants' counsel learned of that extension of time. On September 23d a secretary of defense counsel sent a letter

to appellants' counsel wherein she advised him that respondents' counsel was in attendance at the State Bar Convention and would appreciate a further 10 days' extension of time. Under date of September 28th appellants' counsel replied:

"A default in the above entitled matter was entered prior to receipt of your letter dated September 23, 1959, requesting another ten (10) day extension.

"This office is most anxious to discuss the merits of this case pointing towards possible pre-trial settlement. We feel that because of the long standing issues here we prefer not to stipulate to the setting aside of the default prior to a discussion of this matter. . . ."

On October 30th respondents' counsel learned that, contrary to the statement of appellants' counsel, the default was not in fact entered until October 8th and the judgment was not rendered until October 29th. In the interim respondents' counsel had attempted to contact appellants' counsel in regard to a settlement. On November 9th respondents' counsel filed a notice of motion to set aside the default and the judgment and filed therewith a supporting affidavit and a copy of a proposed answer and cross-complaint. Appellants' counsel filed a counteraffidavit in opposition to the motion. After hearing, the trial court made the order appealed from setting aside the default judgment.

Appellants argue that, since respondents' counsel knew when the extended time in which to appear and answer would expire, there could be no legal excuse for the failure to file an appropriate pleading and that the trial court erred in considering the matters which transpired subsequent to September 28, 1959, the date of the filing of appellants' application for entry of a default. The argument is without substance.

". . . It is a settled principle of law that motions for relief from default under the remedial provisions of section 473 [Code Civ. Proc.], *supra*, are addressed to the sound discretion of the trial court, and the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal." (*McNeil* v. *Blumenthal*, 11 Cal.2d 566, 567 [81 P.2d 566].)

The record in this case contains no showing of abuse of discretion.

The cases relied upon by appellants are readily distinguishable. For instance in *Elms* v. *Elms*, 72 Cal.App.2d 508, 515 [164 P.2d 936], defendant stipulated that the annulment action could be heard as a default matter. After the case was

set for trial, defendant discharged his attorney and deliberately absented himself from the trial. Judgment was taken and thereafter defendant moved to set it aside. The appellate court aptly declared that:

"The behavior of defendant at no stage of the proceeding discloses excusable neglect, but on the contrary, first, a definite plan to permit a judgment of annulment and, second, a subsequent change of mind."

As in *Dahlin* v. *Moon,* 141 Cal.App.2d 1, 5 [296 P.2d 344], appellants have failed to show wherein they have been prejudiced, and the discretion of a trial court "is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties." Moreover, appellants' counsel did not advise respondents' counsel that he intended to take a default, and as stated in 2 Witkin, California Procedure, page 1694:

"There is no statutory or rule requirement that the plaintiff's attorney notify the defendant's attorney (if known) that he intends to take a default. But failure to do so will usually be a sufficient ground for setting the default aside on motion under C. C. P. 473."

The order is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.