John P. Byrne, Director Division of Disaster Emergency Services Department of Military Affairs Camp George West Golden, CO 80401
Dear Mr. Byrne:
This opinion letter is in response to your request for an attorney general's opinion concerning the above-referenced matter.
QUESTION PRESENTED AND CONCLUSION
Whether Colorado irrigation ditch companies not owned by public entities are eligible for federal assistance under the "Disaster Relief Act Amendments of 1974" (P.L. 93-288)?
 My conclusion is "no." Recent regulations promulgated under the authority of P.L. 93-288 specifically exclude irrigation ditch companies not owned by public entities as eligible applicants for federal assistance.
ANALYSIS
Under section 402 of P.L. 93-288, federal assistance is authorized for: a) the repair, restoration, reconstruction or replacement of public facilities belonging to state or local government; b) educational, utility, emergency, medical or custodial care facilities belonging to private non-profit entities; or c) facilities on Indian reservations. 42 U.S.C. § 5172
(a), (b). The facilities in question neither belong to state or local governments nor are they located on Indian reservations. Thus, in order for Colorado irrigation ditch companies not owned by public entities to be eligible for assistance, such companies must be private non-profit entities, and their facilities must be for educational, utility, emergency, medical or custodial care purposes.
For purposes of this opinion, it will be assumed that the irrigation ditch companies in question are non-profit entities, which would satisfy the first prong of the above-stated test. However, said companies would not satisfy the second prong of this test due to regulations recently promulgated pursuant to P.L. 93-288. These regulations became effective September 12, 1980. 44 C.F.R. § 205.70, et seq. While the regulations establish the same two-prong test as P.L. 93-288, they also elaborate on the requirements to satisfy the test.
Under both the federal statute and its implementing regulations, in order for a private non-profit organization to be an eligible applicant, it must own and operate an educational, utility, emergency, medical or custodial care facility. 42 U.S.C. § 5172; 44 C.F.R. § 205.72(b). Under the definitions set forth in the regulations, an irrigation system clearly is not an educational, emergency, medical or custodial care facility. 44 C.F.R. § 205.71(d)(1), (3), (4) and (5). An irrigation system is also not a utility. 44 C.F.R. § 205.71(d)(2) states:
 "Utility" means buildings, structures, or systems of any power, energy, telephone, water supply, sewage collection and treatment, or other similar public service. An irrigation system is not a "utility."
(Emphasis added.) Accordingly, a Colorado irrigation ditch company, even if it were a private non-profit organization, would not be an eligible applicant for federal assistance.
In your letter requesting this opinion, you mentioned previous opinions by this office which concluded that irrigation ditch companies not owned by public entities were eligible for federal assistance if they were non-profit organizations, since they have been characterized by the Colorado Supreme Court as quasi-public carriers whose facilities are public facilities of the state. See Farmers Independent Ditch Company v.Agricultural Ditch Company, 22 Colo. 513, 45 P. 444
(1896); see also Wheeler v. Northern Colorado IrrigationCompany, 10 Colo. 589, 11 P. 487 (1887). These opinions were rendered before the enactment of 44 C.F.R. 205.71(d)(2) quoted above.
Also, it should be noted that under current federal regulations an irrigation company would not necessarily be considered a "public entity" even though, under state law, it may be considered a quasi-public carrier which was formed for a quasi-public purpose. Pursuant to section 205.72(d):
 A public entity is eligible for assistance when its requests are submitted by a State or a political subdivision of the State. Organizations which are formed for a public purpose and whose direction and funding are provided primarily by one or more political subdivisions of the State are normally considered to be public entities.
(Emphasis added.) The Colorado irrigation ditch companies being considered herein neither receive funding from, nor are they under the direction of, political subdivisions of the state. Thus, they would not be considered public entities for purposes of federal assistance under P.L. 93-288.
SUMMARY
Colorado irrigation ditch companies not owned by public entities are not eligible for federal assistance under P.L. 93-288 due to 44 C.F.R. § 205.71(d) which explicitly excludes irrigation systems. If, however, an irrigation company were funded by and under the direction of a political subdivision of the state, it could be eligible for assistance.
Very truly yours,
 J.D. MacFARLANE Attorney General
FEDERAL GRANTS WATER AND WATERWAYS DISASTERS
44 U.S.C. § 5172 44 C.F.R. 205.70
MILITARY AFFAIRS, DEPT. OF Disaster Emergency Svce Dv
Colorado irrigation ditch companies not owned by public entities are not eligible for federal assistance under P.L. 93-288 due to 44 C.F.R. § 205.71(d) which explicitly excludes irrigation systems. If, however, an irrigation company were funded by and under the direction of a political subdivision of the state, it could be eligible for assistance.