[No. 24. Second Appellate District.—June 30, 1905.]

## A. McALLISTER, Respondent, v. ISABELLA W. TINDAL, Appellant.

JUSTICE'S COURT—ACTION INVOLVING TITLE TO REALTY—INSUFFICIENT SHOWING.—A mere bald allegation in an unverified answer in a justice's court that "the determination of the action will necessarily involve title to real property," without the statement of any fact from which such conclusion would follow, is insufficient to authorize the justice to certify the case to the superior court, and the case was not legally before it for determination.

ID.—WANT OF JURISDICTION—DENIAL OF MOTION TO CHANGE VENUE.— The superior court, having no jurisdiction of the action, did not err in denying a motion to change the place of trial thereof.

APPEAL from an order of the Superior Court of San Luis Obispo County denying a motion for change of venue. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

William Shipsey, for Respondent.

ALLEN, J.—This action was brought in a justice's court to recover a judgment for personal services and rent. An answer was filed, which, while not controverting the facts of the complaint, denied indebtedness, and by way of further answer alleged that the determination of the action would necessarily involve title to real property. This opinion in the answer was not supported by any statement of fact. The justice certified the case to the superior court, which court, on motion, remanded the cause to the justice for trial. Before such order of remand, a motion was interposed in the superior court, supported by affidavit, demanding a change of the place of trial to the city and county of San Francisco, being the county in which defendant resided. The court refused to grant a change of the place of trial, from which defendant appeals.

The verified answer filed in the justice's court did not conform to the requirements of section 838 of the Code of Civil

Procedure. The mere statement of the opinion of the affiant that the title to real estate would be brought into issue on the trial is not sufficient. Facts should be stated from which such conclusion would follow.

The action of the justice in certifying the case was unauthorized, and the case was therefore not legally before the superior court for determination. (*Arroyo Ditch Co.* v. *Superior Court,* 92 Cal. 47, [27 Am. St. Rep. 91, 28 Pac. 54].) The court having no jurisdiction of the action, it would of course follow that there was no error in denying the motion to change the place of trial.

Order affirmed.

Gray, P. J., and Smith, J., concurred.