[Civ. No. 4168. First Appellate District, Division One.—November 25, 1922.]

## J. E. DICKSON, Respondent, v. TENIA PARKER, Appellant.

[1] JUSTICE'S COURT — INSUFFICIENT COMPLAINT — DEMURRER — DISMISSAL.—Where the complaint filed in a justice's court, in an action to recover possession of certain real property, clearly shows upon its face that that court has no jurisdiction of the subject matter, the demurrer of the defendant is properly sustained, and the action should be dismissed.

[2] ID.—TRANSFER OF PLEADINGS TO SUPERIOR COURT—RESURRECTION OF ACTION.—In such case, upon the sustaining of the defendant's demurrer the action was dead, and the erroneous transfer of the pleadings in the case by the justice to the superior court and the subsequent filing of the same in the office of the county clerk did not resurrect it.

[3] ID.—APPEARANCE IN SUPERIOR COURT—OBJECTION TO JURISDICTION —WAIVER.—The act of the defendant in attacking the sufficiency of the complaint and the form of the summons, when she appeared before the superior court to voice her objection to its jurisdiction,

did not constitute an appearance in the action so as to confer jurisdiction upon that court, where she did not intentionally submit herself to the jurisdiction of that court for the purpose of obtaining any ruling or order going to the merits of the case.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Reversed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellant.

Geo. G. Graham for Respondent.

ST. SURE, J., *pro tem.*—This is an appeal from a final judgment, and included in the appeal is a review of an order of the trial court refusing to quash service of summons. This court on June 23, 1922, affirmed the judgment. Rehearing was granted.

The respondent leased to the appellant certain real property at an agreed rental of $250 per month. Default being made in the payment of rent, the respondent gave notice, in conformity with the terms of the lease, that the estate of the appellant was terminated and thereafter commenced this suit in a justice's court. The appellant demurred therein to the complaint. The demurrer was sustained. Thereafter the justice erroneously transferred the cause to the superior court. After the filing of the papers in the clerk's office, that official issued a summons to the appellant, requiring her to appear and answer the complaint within three days, instead of the usual ten. This summons was served upon the appellant and in due course, no answer having been filed, a judgment by default was entered against her. Thereafter she moved the court for certain relief. This motion is stated in the bill of exceptions in the following words: "That on the 7th day of July, 1921, defendant, by her attorney, orally moved the court to set aside the default and the said judgment upon the ground that the court had no jurisdiction of the person of the defendant because there was no complaint properly on file in the above court and because the complaint that was on file therein did not state a cause of action against the defendant for forcible detainer, or any cause of action wherein the

defendant might be brought into court on service of a summons requiring her to appear within three days after service of the same.''

Subsequently the appellant filed in the case a written notice of motion to quash the summons, and she assigned the following grounds as the basis of the motion: ''1. That there was no complaint properly on file with the clerk in the above entitled court upon which to base the issue of a summons; 2. That said summons required defendant to appear within three days instead of ten days as required by law.''

The court denied the motion on the ground, probably, that the special appearance waived the objection to the form of the summons. The appellant declined to avail herself of the opportunity afforded by the court to file an answer within the period of ten days, and, in due course, her default was entered, and judgment was entered against her.

We are of the opinion that the motion to quash the summons should have been granted. **[1]** The complaint filed in the justice's court clearly showed upon its face that the justice's court had no jurisdiction of the subject matter. The demurrer interposed was properly sustained, and the action should have been dismissed. (*Shealor* v. *Superior Court,* 70 Cal. 564 [11 Pac. 653]; *Ballerino* v. *Bigelow,* 90 Cal. 500 [27 Pac. 372]; *Hoban* v. *Ryan,* 130 Cal. 96 [62 Pac. 296]; *Null* v. *Superior Court,* 4 Cal. App. 207 [87 Pac. 392]; *Bates* v. *Ferrier,* 19 Cal. App. 79 [124 Pac. 889].) **[2]** The action was dead, and the erroneous transfer of the pleadings in the case by the justice to the superior court and the subsequent filing of same in the office of the county clerk, did not resurrect it. ''The mode in which the jurisdiction of a court may be invoked is regulated by the legislature.'' (*Raisch* v. *Sausalito Land Co.,* 131 Cal. 215 [63 Pac. 346]; *McAllister* v. *Tindal,* 1 Cal. App. 236 [81 Pac. 1117].) Section 838 of the Code of Civil Procedure provides under what circumstances and how an action shall be transferred from the justice's court to the superior court.

**[3]** Each time appellant appeared before the superior court she objected to its jurisdiction. Contention is made that in voicing her objection she used language which constituted an appearance in the action and thus conferred jurisdiction upon the .court. With such contention we cannot agree. We think the record fairly shows that appellant

never intentionally submitted herself to the jurisdiction of the court "for the purpose of obtaining any ruling or order going to the merits of the case." (*Davenport* v. *Superior Court*, 183 Cal. 506 [191 Pac. 911].)

The judgment is reversed.

Kerrigan, J., and Tyler, P. J., concurred.