[Civ. No. 4536. Second Appellate District, Division Two.—November 23, 1927.]

PACIFIC STATES CORPORATION (a Corporation), Respondent, v. U. S. GRANT, Jr., Appellant.

Sprigg & O'Farrell and Patterson Sprigg for Appellant.

Lewis, Fleming & Goodwin and Hamilton & Lindley for Respondent.

COLLIER, J., *pro tem.*—This is an appeal from an order vacating an order dismissing the action for want of prosecution made under the last sentence of section 583 of the Code of Civil Procedure, where the case has not been brought to trial within five years from the date of filing the answer.

The following is a chronology of the case, including correspondence between the attorneys:

September 19, 1917, complaint filed.

October 1, 1917, answer filed.

May 4, 1922, letter, Lewis to Wright.

May 5, 1922, letter, Wright to Lewis.

July 8, 1922, letter, Lewis to Wright.

July 15, 1922, letter, Wright to Lewis.

*October 1, 1922, expiration of five-year period under section 583 of the Code of Civil Procedure.*

November 17, 1922, defendant substitutes attorneys.

November 17, 1922, court dismisses action on its own motion, but at the suggestion of attorneys for defendant.

November 17, 1922, letter, Wright to Lewis.

November 22, 1922, letter, Lewis to Sprigg (substituted for Wright).

November 27, 1922, letter, Sprigg to Lewis, notifying plaintiff that the case had been dismissed by the court.

February 23, 1923, notice of motion by plaintiff to vacate judgment of dismissal served.

February 26, 1923, motion heard before *Judge C. N. Andrews,* and denied, "10 days are granted plaintiff within which to file an amended affidavit herein upon which plaintiff's motion may be re-heard." (Note: The record does not disclose any amended affidavit was ever filed, except as it was attached to the following notice.)

May 1, 1923, notice of motion to vacate order of dismissal of November 17, 1922, filed. (Note: The notice does *not* refer to the order of February 26, 1923, denying a vacation of said order of November 17, 1922.)

May 7, 1923, motion heard before *Judge W. P. Cary,* and granted. Case reinstated.

Defendant appeals from the order of May 7, 1923, and alleges that said order was void for two reasons: (1) That there was no written stipulation extending time under section 583 of the Code of Civil Procedure, and hence it was

mandatory upon the court to dismiss the action and the court had no discretion in that matter; (2) That the said superior court had no jurisdiction to rehear said motion to vacate the dismissal after it had been considered on its merits and denied.

Counsel for plaintiff controvert points 1 and 2 and add a third point, as follows: (3) That the defendant was estopped from moving for or obtaining a dismissal of the suit.

We will first discuss point 2, that the court was without jurisdiction to make the order of May 22, 1923. Appellant relies upon section 182 of the Code of Civil Procedure, which reads as follows:

"If an application for an order, made to a judge of a court in which the action or proceeding is pending, is refused in whole or in part, or is granted conditionally, no subsequent application for the same order shall be made to any court commissioner, or any other judge, except of a higher court; but nothing in this section applies to motions refused for informality in the papers or proceedings necessary to obtain the order, or to motions refused with liberty to renew the same."

The supreme court has set the question at rest in *Andersen* v. *Superior Court*, 187 Cal. 95, 102 [200 Pac. 963], where the court says:

"As further ground of objection to the issuance of a writ of mandate in this matter, respondents urge that the motion for dismissal was properly denied, for the reason that two previous motions based on the same grounds had been presented by these petitioners and denied by another judge of the same court, and that the motion before us was made in violation of the rule provided in section 182 of the Code of Civil Procedure. . . .

"*Section 182* does not apply to the renewal of a motion refused for informality of the moving papers or proceedings, or in cases where leave to renew is given; and, in any event, *does not go to the jurisdiction of the court to entertain a* second motion. The penalty is provided by section 183 of the Code of Civil Procedure, and is punishment for contempt, and authority to the court to set aside an order obtained by violation of the rule.

"In any event, *the proper practice* in the case of an unauthorized motion *is to strike it from the files.*" (Italics ours.)

True, the supreme court does not refer to *Hanson* v. *Hanson*, 3 Cal. Unrep. 66 [20 Pac. 736] (1889), which seems to favor appellant, but the Andersen case is the last pronouncement of that court, and therefore governs. We therefore determine that the court had jurisdiction to pass upon said motion, in view of the fact that no motion to strike the same has ever been filed.

We now pass to point 1, which we regard as the controlling question in the case. It is to be remembered that the record discloses the fact that *this case had never been set for trial at any date whatsoever.*

If there was a written stipulation at all it will be found in the following correspondence between the attorneys. In reading the correspondence it must be borne in mind that Mr. Lewis represented the plaintiff and Senator Leroy A. Wright, a member of the firm of Wright & McKee, was handling the case in person for the defendant:

On May 4, 1922, Howard S. Lewis, the attorney for the plaintiff in this action, wrote relative to this case to Leroy A. Wright, attorney for defendant, as follows:

"If Mr. Grant does not see fit to settle the matter along the line suggested I trust you will co-operate with me in stipulating that the case may be set at the convenience of one of your departments. Your reply will be greatly appreciated."

On May 5, 1922, Mr. Wright wrote to Mr. Lewis in answer to the foregoing letter, as follows:

"I should have written you before, but have been so busy that I have neglected to do so. *Mr. Grant has declined to further discuss the litigation.* He is away with Mrs. Grant for a trip of a month or more. I could, therefore, not consent to the trial of the case until he returns. As soon as he does return, I will be glad to notify you and then we will stipulate as to the trial." (Italics ours.)

Later, on July 8, 1922, Mr. Lewis wrote to Mr. Wright:

"I would like very much to bring the U. S. Grant, Jr., matter to a definite conclusion, and wonder what day I can see you after this coming week, if I would come down, and if U. S. Grant, Jr., is at home."

In reply to this, Mr. Wright wrote under date of July 15, 1922, as follows:

"I have before me your favor of July 8, and beg to say that I will be engaged all of next week in the trial of a jury case, and that within a few days after its conclusion I am planning to leave on my summer vacation. Mr. and Mrs. Grant left more than a month ago and are now traveling somewhere in Japan. I understand that Mr. Grant will not return until some time next fall. I will be pleased to advise you when he does return."

Under date of November 17, 1922, in reply to a letter from Mr. Lewis asking that this case either be settled or set down for trial, Mr. Wright wrote as follows:

"Some months ago when you asked me to agree to the setting of the above-entitled case for trial, I wrote you that I could not do so as Mr. Grant was absent, but promised that I would notify you upon his return. Mr. Grant returned about a week ago, and has discharged this firm and employed Mr. Patterson Sprigg. We have already signed the substitution and presume Mr. Sprigg will communicate with you."

On November 22, 1922, Lewis dispatched the following letter to Patterson Sprigg, attorney at law, San Diego, California:

"The above case has been allowed to hang fire pending settlement for a long time. I submitted to Senator Wright letters in the handwriting of Mr. Grant, together with other documentary proof signed by Mr. Grant, which gives the defense interposed a complete contradiction. I am prepared to submit to you, as attorney for Mr. Grant, the same documents, and if you are not satisfied to also advise Mr. Grant to settle this case I will have this matter set down for the earliest possible trial that can be had.

"Your early attention to this matter will be greatly appreciated."

In reply to this letter of November 27, 1922, Mr. Patterson Sprigg wrote a letter as follows:

"I have your favor of the 22nd. I assume that Senator Wright must have advised you that I have been substituted as attorney in this case. After I had been employed by Mr. Grant, and the substitution of attorneys was effected, I inspected the record and discovered that the answer had

been filed in this case for more than five years, and I informed Mr. Grant that under the provision of our code, the case could be dismissed for want of prosecution. He then advised that the case be dismissed if possible. I called the court's attention to the record of the case, and the court, at its own motion, dismissed the same.

"I regret exceedingly that this action should cause you embarrassment, but I have no other course."

It will be observed that upon the date of the letter of November 17, 1922, Wright to Lewis, above set forth, the court dismissed the action. It will further ·be observed that the said letter was written after the five years had expired.

Since the motion of May 7, 1923, was heard and decided, the supreme court, in the case of *Miller & Lux* v. *Superior Court*, 192 Cal. 333 [219 Pac. 1006], has laid down a very definite rule regarding the application of section 583 of the Code of Civil Procedure, which we deem determinative of this case, and had it been in the books at the time the motion was heard, we do not doubt the result would have been different. In that case the court says:

"An examination of the cases construing section 583, *supra,* discloses that no case decided by this court has held that *anything short of a written stipulation extending in express terms the time of trial to a date beyond the five-year period, or expressly waiving the right to a dismissal, under that section, will suffice to toll the running of the statutory time.* On the contrary, the cases uniformly hold that the provisions of section 583 are mandatory, and that, *in the absence of a written stipulation, any action not brought to trial within the statutory period must be dismissed.* [Citing cases.] . . . The language of the code section under consideration is simple and direct and expressly provides the means whereby litigants may extend the statutory period. It is argued by plaintiffs that despite the apparently plain import of the language used, specifically providing that an action must be dismissed unless the time for trial be extended by written stipulation of the parties, nevertheless such time may be otherwise extended—that is to say, by words and conduct on the part of the defendants constituting a waiver of their right to dismiss. And in this behalf it is insisted that the request of the attorney for the de-

fendants in the three actions that the Turner case, in which he represented the plaintiff, be tried prior to the three actions in which he represented the defendants and his insistence that this case precede the others was conduct sufficient to constitute such an estoppel. While there is language in several of the cases construing section 583 which seems to recognize the possibility of a waiver by estoppel, *it is to be noted that without exception these cases hold that a written stipulation is required.* [Citing cases.]

''The statute provides that the time for trial may be extended by *written stipulation.* It does not provide that it may be extended by a written stipulation 'or its equivalent.' And in *Larkin* v. *Superior Court, supra,* it was held that whether or not an oral stipulation in open court entered upon the minutes of the court is the same as a written stipulation and would toll the running of the statute is a 'serious question.' Obviously, the primary purpose of this section is to prevent the unlimited postponement of trials. The statute, however, is not altogether arbitrary and inflexible, for it provides that *the parties may extend the time by proceeding in a certain definite way.*

''The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties. . . .

'' . . . The very harshness of the rule would seem to be intended to put the plaintiff on the *qui vive to secure irrefutable evidence* of the defendant's consent to an extension of the statutory time.'' (Italics ours.)

The rule laid down by the foregoing may be succinctly stated as follows: (1) There must be a written stipulation; (2) such stipulation must in definite terms extend the time beyond the statutory period *or* expressly waive the right to dismissal; (3) the stipulation must show clearly and uncontrovertibly that the statutory time was deliberately intended to be extended by both parties; (4) that there is no equivalent for such written stipulation, by either words or actions.

Tested by this rule, we come to the consideration of the instant case.

Certainly there is nothing in the letter of May 4, 1922, Lewis to Wright, and that of May 5, 1922, Wright to Lewis, which in any reading would do more than extend the time of trial for about "a month or more," which was then within the statutory time, and hence did not operate to toll the statute. (*Larkin* v. *Superior Court,* 171 Cal. 719 [Ann. Cas. 1917D, 670, 154 Pac. 841]; *Rio Vista M. Co.* v. *Superior Court,* 187 Cal. 1 [200 Pac. 616]; *Miller & Lux* v. *Superior Court, supra,* at page 338.)

The letter of Wright to Lewis, under date of July 15, 1922, does not "in definite terms extend the time beyond the statutory period," nor does it in such terms or in any terms "waive the right of dismissal." The time of Mr. Grant's return was *extremely indefinite*—"some time in the fall," which might be either before or after October 1, 1922. Neither does that letter or any letter show a "deliberate intent" on the part of *both* parties or either party to extend a statutory time. There is nothing in the case of *Donohue Co.* v. *Superior Court,* 202 Cal. 15 [258 Pac. 1094], or *Rio Vista Min. Co.* v. *Superior Court, supra,* to the contrary, as in each of those cases the correspondence "in definite terms" fixed a trial date beyond the five-year statutory period as is shown by recitals in the opinion in the Rio Vista case, and the record itself in the Donohue case. In both cases the trial date had been previously set, a fact entirely dissimilar to the case at bar. Also, in the Rio Vista case the parties actually went to trial on the date agreed upon beyond the five-year period. Here no trial was ever set or had.

Mr. Lewis' only excuse for not pressing the case to trial in view of Mr. Wright's letter of July 15, 1922, was as stated in Mr. Lewis' affidavit, "that Senator Wright would have been placed in a very embarrassing position to have had the case set for trial with his client absent in Europe or the Orient, and this affiant would not place Senator Wright in any such position which was fully understood by this affiant and Senator Wright."

This position is answered by the following quotation from *Miller & Lux* v. *Superior Court, supra,* at page 342: "It may be suggested that if counsel had desired to avoid the bar of the statute it would have been a very simple matter,

after calling the court's attention to the situation, to have requested that one witness be sworn in the cases and then the hearing of the cases continued until a time which would be convenient for the court and the parties to the action.''

 Respondents rely somewhat on the actions and alleged statements of Senator Wright taken and made at a conference in Senator Wright's office on April 10, 1922, at which conference Mr. Lewis, his client, Merritt, and Senator Wright were present, but it is to be noted that the conference occurred before any of the letters relied upon by respondents were written.

At most such actions and statements, construed most strongly against the defendants, could only be used by way of estoppel or as the equivalent of a written stipulation, and the supreme court in the Miller & Lux case, *supra*, has decided that there is no such estoppel.

Again, we have examined the record as to what was said and done at such conference, and can find nothing therein which would amount to an estoppel, even if such were allowed.

This, we think, is fully supported by the letter of Lewis to Wright of date May 4, 1922, and Mr. Wright's reply thereto, which we have quoted. There the plaintiff was *definitely* informed that all negotiations were off. ''Mr. Grant has declined to further discuss the litigation.''

Not only did the plaintiff delay for more than five years in setting the case for trial, for as a matter of fact it has never been set, but for almost three months after Mr. Lewis, the plaintiff's attorney, was aware that the case had been dismissed on the court's own motion, no steps were taken to revoke said order, and no excuse is offered for such delay. When, on February 26, 1923, an attempt was made to revoke the order of dismissal, it failed, and nothing was done for over two months thereafter, or until on May 7, 1923, when another motion was made to set aside the order of dismissal of November 17, 1922, and said motion was granted. All of this does not bespeak diligence, but, on the contrary, the procrastination which apparently has ruled the case from its inception.

The order of November 17, 1922, dismissing said case was proper. The order vacating said dismissal was erro-

neous. Therefore, the order dated May 14, 1923, filed May 15, 1923, and entered May 15, 1923, vacating the order of November 17, 1922, and reinstating the case is reversed.

Craig, Acting P. J., and Thompson, J., concurred.