[Civ. No. 1959. Fourth Appellate District.—March 30, 1936.]

JOSEPH GOLDIE, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Morey S. Levenson for Petitioner.

Thomas Whelan, District Attorney, and Carroll H. Smith, Deputy District Attorney, for Respondents.

MARKS, J.—This is an original proceeding instituted here for the purpose of requiring the respondent judge to vacate an order made by him transferring the case of *Joseph Goldie* v. *J. E. Chilberg* to the Justice's Court of San Diego Township and commanding him to proceed with the trial of that action in the superior court.

The action in question was instituted in the Justice's Court of San Diego Township on May 17, 1933, and sought to recover judgment in the sum of $1304 on two promissory notes. Summons was served on defendant on April 3, 1935. On April 29, 1935, Goldie filed his notice of a motion to transfer

the action from the justice's to the superior court. The motion was granted on May 3, 1935, and the case was transferred. The case came on for trial in the superior court on October 17, 1935, at which time Chilberg moved for a dismissal of the action on the ground of lack of jurisdiction in the superior court. On November 21, 1935, the respondent judge ordered the case transferred to the justice's court. This is the order under attack here. The promissory notes in suit in the case of *Goldie* v. *Chilberg* were dated May 25, 1928, and became due and payable May 25, 1929.

Petitioner urges two reasons for the issuance of the peremptory writ: (1) Does section 396 of the Code of Civil Procedure, as amended in 1933 and again in 1935, operate retrospectively, and, (2) Does the filing of an action in a court lacking jurisdiction over the subject-matter toll the running of the statute of limitations?

The Justice's Court of San Diego Township was at the commencement of the action and is now a class A justice's court with jurisdiction of actions at law to recover money in a sum not in excess of $1,000. (Sec. 112, Code Civ. Proc., as variously amended; Stats. 1931, p. 409; Stats. 1933, chap. 743; Stats. 1935, chap. 74.) Petitioner does not contend that the justice's court ever had jurisdiction of the action but maintains that as the amendments of 1933 and 1935 were procedural only, that court had power to transfer the cause to the superior court under authority there given it. As the amendment of 1935 did not become effective until more than four months after the transfer was made, the authority to make such a transfer must be found, if at all, in the 1933 amendment. The 1935 amendment did not purport to attempt to ratify any prior transfer of a case rightly or wrongly made by a court, but merely gave a present and future power to transfer a case under circumstances there specified.

Prior to 1933 a justice's court had no power to transfer a cause to another court where the complaint on its face showed that the court had no jurisdiction of the subject-matter of the action. At that time its only power was to dismiss the action. (*Dickson* v. *Parker,* 59 Cal. App. 778 [212 Pac. 42].) This was the state of the law when the complaint was filed in the justice's court on May 17, 1933.

The important questions involved here have been decided for us in the case of *Bershon* v. *Municipal Court of Los An-*

*geles County,* 5 Cal. App. (2d) 519 [42 Pac. (2d) 649], in which a petition for hearing in the Supreme Court was denied on May 6, 1935. The opinion of the District Court of Appeal is as follows:

"The petition for writ of prohibition is denied. The order of the superior court, transferring to the municipal court the action described in the petition, was made under authority of section 396 of the Code of Civil Procedure as amended in 1933. The matter was purely procedural, and the order did not constitute an attempt to give retroactive effect to the statute. Under such order and transfer the municipal court has jurisdiction over the action. (*McClurg* v. *McClurg,* 212 Cal. 15, at p. 18 [297 Pac. 27].)"

The materiality of that case here is only suggested in the opinion itself.

We have before us the original record in the Bershon case and an inspection of it shows that the questions involved in the instant case have been decided there either directly or by necessary inference. That record discloses the following facts: That on March 5, 1930, an action was commenced in the Superior Court of Los Angeles County wherein H. C. Gorman sought to recover from David Bershon and others a judgment for money in the aggregate sum of $1388.88; that the action was set for trial in the superior court on November 4, 1931, but was continued and never tried; that on February 2, 1935, and after the effective date of the 1933 amendment to section 396 of the Code of Civil Procedure, the presiding judge of the superior court transferred the action to the municipal court on the *ex parte* application of Gorman; that a petition for a peremptory writ of prohibition was filed in the District Court of Appeal of the Second Appellate District, Division One, on March 25, 1935, seeking to prohibit the municipal court from proceeding with the trial of the action upon the ground that the superior court, not having original jurisdiction of the subject-matter of the action, had conferred no jurisdiction to try it on the municipal court, as the only action the superior court was empowered to take was to dismiss the action. At that time the superior court of that county had original jurisdiction of actions at law for the recovery of money where the amount involved was more than $2,000 and the municipal court had original jurisdiction in like actions to recover $2,000 or less. It appears in the Ber-

shon case, as here, that prior to the effective date of the 1933 amendment to section 396 of the Code of Civil Procedure, the statute of limitations had run in favor of the defendants.

As grounds for issuance of the writ of prohibition Bershon argued, (1) that as the 1933 amendment to section 396 of the Code of Civil Procedure was not made expressly retroactive it could not be held to apply to pending actions and (2) that as the statute of limitations had run in favor of the defendants prior to the effective date of the 1933 amendment to section 396 of the Code of Civil Procedure it could not be construed retroactively and thereby deprive him of a vested right. The identical arguments are presented to us in the instant case. In his petition for hearing by the Supreme Court, Bershon presented the same arguments and particularly stressed the second.

Because in the Bershon case the complaint was originally filed in the superior court, which transferred the cause to the municipal court, and in the instant case the action was started in the justice's court and transferred to the superior court, cannot afford a ground upon which to distinguish the two cases. The provisions of section 396 of the Code of Civil Procedure as amended are not by their terms made applicable to any particular court.

As the Bershon case holds that the 1933 amendment to section 396 of the Code of Civil Procedure was procedural and applied to actions formerly filed and pending in a court without jurisdiction of the subject-matter of the action and permitted such court to transfer the action to another state court having such jurisdiction and as a hearing of that case was denied by the Supreme Court, we feel bound by that decision. It follows that we must conclude that although the Justice's Court of San Diego Township had no jurisdiction of the subject-matter of the case of *Joseph Goldie* v. *J. E. Chilberg* at the time the complaint was filed it did have jurisdiction on May 3, 1935, to transfer that case to the Superior Court of San Diego County. That court, having jurisdiction of the subject-matter of the action, must proceed to retain jurisdiction and try the case. The order of the respondent judge attempting to divest the superior court of its rightful jurisdiction by transferring the case to the justice's court was in excess of the jurisdiction of the superior court and should

be annulled. (*Bershon* v. *Municipal Court of Los Angeles County, supra.*)

It is ordered that the peremptory writ of mandate issue as prayed for.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1936.