[Civ. No. 17047.   First Dist., Div. One.   Dec. 27, 1956.]

BRADEN COPPER COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN C. VIERA et al., Respondents.

Vincent H. O'Donnell and Fredrik S. Waiss for Petitioner.

Edmund G. Brown, Attorney General, Gerald F. Carreras, Deputy Attorney General, Everett A. Corton, Daniel C. Murphy, Henry G. Sanford and Stephen D. Maffini for Respondents.

WOOD (Fred B.), J.—The sole question upon this review of a decision of the Industrial Accident Commission is whether or not the commission acquired personal jurisdiction of the petitioner, Braden Copper Company, a Maine corporation that has an office in New York but none in California.

John C. Viera applied to the commission for a hearing of his claim that he contracted silicosis while working in mines of various employers during the period 1934 to 1945, including a Chilean mine operated by Braden. The commission caused a copy of the application and notice of the hearing (set for October 29, 1954) to be mailed to Braden at a New York address.

On the day of the hearing Braden appeared specially and moved to quash the service of the application and of the notice of hearing upon the ground of lack of jurisdiction of the person of Braden, a foreign corporation whose only mining operations are in Chile, who has never qualified to do business in California, never had an office or agent or representative here and never did business here, and the contract of employment with Viera was not made in California.

The referee thereupon said, "All right, I have your motion,"

and counsel for one of the other mining companies said, "before you act on it, may I refer you to" a certain case the name of which counsel did not recall at the moment. The referee replied, "You have plenty of time to cite authority as I don't intend to rule on it today," and proceeded with the hearing.

From these and other incidents it was a reasonable inference that the hearing would proceed for all purposes: i.e., for any evidence and oral argument or briefing that might be offered for or against the motion to quash or for or against any other motion that might be made (such as the motion, subsequently made by the attorney general, to dismiss as to the Subsequent Injuries Fund) or which might bear upon the merits of the application.

Quite naturally, therefore, Braden's counsel sat through the hearing and took part now and then concerning matters which seemed relevant to the question whether the commission had acquired jurisdiction over the person of Braden.

At the conclusion of the hearing, after all the evidence on every issue had been received, the referee orally announced that he was denying both motions, that of Braden and that of the attorney general. The commission in its decision, later rendered, found it had jurisdiction of Braden, made an award against Braden and dismissed as to the other mining companies and the Subsequent Injuries Fund. When denying Braden's petition for reconsideration the commission said "there is the problem of jurisdiction over the person of the defendant employer. The employer, by asking for affirmative relief, waived its defense of lack of jurisdiction of its person (by raising the issue of unconstitutionality of Labor Code section 5500.5)."

In this proceeding, before this court, the respondent commission takes the position that by questioning the constitutionality of section 5500.5 of the Labor Code and by participating in the cross-examination of Viera when he was on the witness stand, Braden went outside of the issues presented by its challenge of the personal jurisdiction of the commission, submitted itself to that jurisdiction and made a general appearance. We do not so view it.

During his direct examination, Viera gave some testimony which tended to show that Braden may have been active to some extent in California in recruiting engineers for work in its Chilean mine, doing so through the medium of a local engineering society which conducted an employment service

for engineers and was instrumental in putting Viera and Braden in touch with each other. Braden sought by its questions and objections to keep Viera's testimony within the limits of the latter's personal knowledge, in furtherance of the theory that Braden had conducted no business activities of any kind in this state and had had no such contacts here as would make it amenable to service of process by mail under sanction of the principles enunciated in *International Shoe Co.* v. *State of Washington,* 326 U.S. 310, 316-319 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057], principles which have been considered and applied in California in such cases as *Fielding* v. *Superior Court,* 111 Cal.App.2d 490 [244 P.2d 968], *Iowa Mfg. Co.* v. *Superior Court,* 112 Cal.App.2d 503 [246 P.2d 681], *Kneeland* v. *Ethicon Suture Laboratories, Inc.,* 118 Cal.App.2d 211 [257 P.2d 727], *Martin Bros. Elec. Co.* v. *Superior Court,* 121 Cal.App.2d 790 [264 P.2d 183], *Estwing Mfg. Co.* v. *Superior Court,* 128 Cal.App.2d 259 [275 P.2d 146], *Duraladd Products Corp.* v. *Superior Court,* 134 Cal.App.2d 226 [285 P.2d 699], and *Smith & Wesson, Inc.* v. *Municipal Court,* 136 Cal.App.2d 673 [289 P.2d 26].

Before entering upon this line of interrogation, Braden's counsel took the precaution to state that he would like to ask the witness questions "bearing on his initial contract of employment with the Braden Copper Company, solely in so far as these questions may bear upon the issue of jurisdiction over the Braden Copper Company," and the referee responded, "Very well. You may have all the time you want."

■ Such participation in the interrogation of Viera was within the scope of Braden's special appearance and did not constitute a general appearance. The fact that the same evidence may have been relevant also to the question of subject matter jurisdiction (whether the contract of employment was made in this state and thus within the purview of section 5305 of the Labor Code) does not deprive it of its bearing upon and relevancy to the question whether Braden was amenable to process, the question involved in its motion to quash.

■ The incident concerning the constitutionality of section 5500.5 of the Labor Code occurred early in the hearing, during the period of taking stipulations and defining issues, before the taking of any testimony. After Braden announced its special appearance and made its motion to quash, stating the grounds thereof, the referee asked if there were any other motions or stipulations. The attorney general, representing the Subsequent Injuries Fund, responded: "Mr. Referee,

perhaps it is premature, but we raise the constitutionality of Labor Code Section 5500.5. . . .'' Thereupon, Braden's counsel said: ''We will join with you in that question, or, that point.'' That is the whole of that incident. Nothing further was said concerning that section. It was not even mentioned in Braden's memorandum of points and authorities which it later filed with the commission.

■ Section 5500.5 deals with occupational diseases such as silicosis ''which may have risen out of more than one employment.'' It provides for joining all employers under whose employ the applicant may have been exposed to the hazards of the occupational disease in question, and for a joint and several award if two or more such employers are found liable. This section, as we read it, deals with subject matter jurisdiction, not with personal jurisdiction or with the manner of acquiring jurisdiction over the person of any such employer. ■ However, counsel stoutly maintains that he made the quoted reference to section 5500.5 with the sole thought in mind of its bearing upon his motion to quash, an additional basis for his claim that the commission did not acquire jurisdiction of the person of Braden by serving process in the manner in which it did.

We think that is the fair import of counsel's remark, in the setting in which it was made. It followed almost immediately his motion to quash for asserted lack of personal jurisdiction and was not accompanied by a motion or request for any relief. There was no indication of an intent to seek relief different from or additional to that sought by the motion to quash. The fact that counsel was mistaken in the thought (temporarily, it would seem, for he did not follow it up) that the constitutionality or unconstitutionality of section 5500.5 had a bearing upon the effectiveness or ineffectiveness of the service of process upon Braden by mail, would not justify us in treating that mistaken notion* and the remark which it engendered as an *intentional* request for relief which may properly be made only by a party over whom the court has acquired personal jurisdiction.

This is quite like the situation which obtained in *Armstrong* v. *Superior Court,* 144 Cal.App.2d 420 [301 P.2d 51], described by the reviewing court as follows: ''A reading of the

---

*The plausability of counsel's having harbored such a notion is enhanced by the very fact that Viera's counsel seriously yet mistakenly views another subject-matter jurisdiction section (§ 5305) as one which deals with jurisdiction over the person.

notice of motion to quash makes it apparent that the only relief sought by petitioner was to quash service of summons upon him upon the grounds that the court had not thereby acquired jurisdiction of his person. The fact that he attempted to demonstrate that the court did not have jurisdiction of his person because he was not a party to the action by citing authorities which he mistakenly believed supported his contention did not change his appearance from a special one to a general one." (P. 423.)

Continuing, the court in that case said: "The test as to whether an appearance is general or special is, 'Did the party appear and object only to consideration of the case or any procedure in it because the court had not acquired jurisdiction over the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in the pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. The rule in this regard may be epitomized by saying that if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he had made a general appearance.' (*Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361]; see also *Hernandez* v. *National Dairy Products*, 126 Cal.App.2d 490 [272 P.2d 799].)" (P. 423.)

In this connection the following observations made by the Supreme Court in *Davenport* v. *Superior Court*, 183 Cal. 506, 511 [191 P. 911], are significant: "An act of a defendant by which he *intentionally* submits himself to the jurisdiction of the court in that action *for the purpose of obtaining any ruling* or order of the court *going to the merits of the case, as,* for example, *a motion* to strike out part of the complaint, or the making of stipulations, as in the cases above mentioned, *which may reasonably be construed to imply that the court has,* in that action, *acquired jurisdiction of the person* of the defendant, will be equivalent to an appearance, although not strictly in accordance with the terms of section 1014." (Emphasis added.)

Our view of Braden's reference to section 5500.5 finds

additional support in *Dickson* v. *Parker*, 59 Cal.App. 778 [212 P. 42], in which the court made these pertinent observations: "Each time appellant appeared before the superior court she objected to its jurisdiction. Contention is made that in voicing her objection she used language which constituted an appearance in the action and thus conferred jurisdiction upon the court. With such contention we cannot agree. We think the record fairly shows that appellant *never intentionally submitted herself to the jurisdiction of the court 'for the purpose of obtaining any ruling or order going to the merits of the case.'* (*Davenport* v. *Superior Court*, 183 Cal. 506 [191 P. 911].)'' (Pp. 780-781; emphasis added.)

▉ The attorney general erroneously contends that Braden made a general appearance when, in support of its motion to quash, it introduced the affidavit of one of its officers showing it to be a foreign corporation that had not done business in California, and a certificate by the Secretary of State of California showing that Braden has not filed a copy of its articles or other documents and is not qualified to do intrastate business in California, facts peculiarly pertinent to the issues presented by the motion to quash.

Viera makes the additional argument that the commission did acquire jurisdiction over the person of Braden by the manner in which it served notice upon Braden. He starts with the commission's finding that the contract was made in California, argues that the making of a single contract in a state by a foreign corporation establishes a sufficient contact or presence to justify service of process by mail, and then points to section 5305 as, in effect, a legislative declaration (a) that the making of such a contract as that here involved establishes such contact and (b) that in such a case the employer may be served by mail. The answer to this argument is that the respondent commission has not found on this subject, has not found that it made a legally effective service of process upon Braden. Instead, it has found and here contends, simply, that Braden made a general appearance by the manner in which it participated in the hearing before the referee. Under the circumstances, we do not deem it appropriate for this reviewing court to act as a trial court and make findings that Braden was, or that it was not, doing business in this state within the meaning and purview of our statutes that provide for service of process upon a foreign corporation.

▉ For the guidance of the commission in the considera-

tion of such a question, we may and do observe that section 5305 deals with subject-matter jurisdiction. It gives the commission jurisdiction over a *controversy* arising out of an injury received outside of this state in the performance of a contract made in this state. It is entirely silent as to the manner of acquiring personal jurisdiction over the employer in such a case, whether the employer be an individual or a corporation, a resident or a nonresident individual, a domestic or a foreign corporation, and if a foreign corporation whether it be qualified or not qualified to do business in this state. However, this does not necessarily mean that new or additional legislation is needed in this state to authorize the service of process upon Braden if the commission should find, upon sufficient evidence, that Braden had sufficient contacts in California to meet the minimum requirements prescribed by the Supreme Court of the United States in the International Shoe case. (See *Kneeland* v. *Ethicon Suture Laboratories, Inc.*, 118 Cal.App.2d 211, 222 [257 P.2d 727], in which we expressed the view that ''doing business in this state'' as used in section 411 of the Code of Civil Procedure ''reflects the changing concept of 'doing business' as it has evolved over the years, and as it continues to evolve, through the decisions of the federal courts interpreting the due process clause and applying it to new and developing situations from time to time.'')

A further question to be considered by the commission in any such inquiry is whether the workmen's compensation statutes and the regulations of the commission effectively sanction service of process upon a foreign corporation in a manner different from that prescribed by section 411 of the Code of Civil Procedure and sections 6500 to 6504 of the Corporations Code. It does not appear, from the record before us, that Braden was served in that manner.

The decision is reversed as to Braden Copper Company with directions to take such further proceedings as may not be inconsistent with the views herein expressed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied January 25, 1957, and the petition of respondent Industrial Accident Commission for a hearing by the Supreme Court was denied February 25, 1957. Gibson, C. J., and Carter, J., were of the opinion that the petition should be granted.