[Civ. No. 25019.   Second Dist., Div. Two.   Nov. 28, 1960.]

MAE RADLINSKI, Petitioner, v. SUPERIOR COURT OF
SANTA BARBARA COUNTY, Respondent; AN-
THONY RADLINSKI, Real Party in Interest.

C. W. Engelbertson for Petitioner.

No appearance for Respondent.

Floyd C. Dodson for Real Party in Interest.

NOURSE, J. pro tem.*—This is a proceeding to review an
order of the respondent court dismissing an order to show

---

*Assigned by Chairman of Judicial Council.

cause *in re* contempt upon the ground that it lacked jurisdiction in the matter.

From the record certified to us the following facts appear. The respondent court granted to petitioner an interlocutory decree of divorce from her husband Anthony. By the terms of the decree, as amended *nunc pro tunc* to conform with the order made by the court at the trial, Anthony was ordered to make certain payments upon a Chevrolet automobile, possession of which was granted to petitioner by the terms of a property settlement agreement incorporated in the decree. This order was not based upon the terms of the property settlement agreement but was an award in the nature of alimony awarded by the court at the time it granted the interlocutory decree of divorce.

At the time of the ex parte hearing in petitioner's action for a divorce on October 8, 1958, petitioner had not filed with the court an affidavit in accordance with the Soldiers' and Sailors' Relief Act (50 U.S.C. §§ 501 et seq.). Such an affidavit, however, was filed on November 10, 1958, two days prior to the time the court signed and ordered to be filed, *nunc pro tunc* as of the 8th of October, the amended interlocutory decree.

In March 1960 respondent court issued its order requiring Anthony to show cause why he should not be punished for contempt for disobedience of the order of the court relative to the payments on said automobile to which we have heretofore directed attention. Hearing was had pursuant to this order to show cause and thereafter the court made and entered its written memorandum of decision in which it recited the fact that the military affidavit was not on file at the time the interlocutory decree of divorce was granted and in which it concluded that the court was, therefore, without jurisdiction to grant the decree. It thereupon entered the following order: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the contempt proceedings be and they are hereby dismissed for lack of jurisdiction."

██ Respondent court was clearly in error in concluding that the interlocutory decree was void because the military affidavit was not on file at the time the decree of divorce was granted. (*Allen* v. *Allen*, 30 Cal.2d 433, 435-436 [182 P.2d 551]; *People* v. *Vogel*, 46 Cal.2d 798, 806 [299 P.2d 850].) The fact that the military affidavit was not on file did not affect the jurisdiction of the court but only rendered the decree it granted voidable on the application of the defendant if, in fact, he was in military service at the time of the com-

mencement of the action or at the time of the entry of the decree. There is no contention in the present matter that the defendant was in military service. The interlocutory decree being valid the respondent court had jurisdiction to hear and determine the order to show cause which it, by the order under review, dismissed.

█ There is no merit in respondent's contention that the court was without jurisdiction because of the fact that the affidavit upon which the order to show cause in question is based did not disclose that two other orders to show cause for the same alleged contempt had been dismissed by judges of the respondent court other than the one who entered the present order, without that judge's attention having been directed to the prior proceedings. It is, of course, the duty of counsel under section 1008 of the Code of Civil Procedure to disclose the fact of former applications in the same matter but his failure so to do does not deprive the court of jurisdiction but merely renders him subject to punishment for contempt and empowers the judge in the last proceeding to vacate any order he may have made through lack of knowledge of the prior orders.[1]

Inasmuch as the respondent court has failed to exercise the jurisdiction vested in it, its order dismissing the order to show cause is annulled. Let a peremptory writ of mandate issue requiring the respondent court to hear and determine the order to show cause *in re* contempt issued by the respondent court on the 18th day of March, 1960.

Fox, P. J., and Ashburn, J., concurred.

---

[1] We do not imply that counsel for petitioner did not advise the court of the two former proceedings in contempt. The record shows that the judge who issued the order to show cause which was dismissed by the order under review was the judge who heard and determined the second contempt proceeding and that in the affidavit filed in that proceeding, the first contempt proceeding was revealed.