[Civ. No. 27302. Second Dist., Div. One. Aug. 15, 1963.]

SAMUEL JOSEPHSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; HARRY PINCH, Real Party in Interest.

Abraham Berman for Petitioner.

No appearance for Respondent.

356

David J. Sachs for Real Party in Interest.

THE COURT.—Petitioner, Samuel Josephson, seeks a writ of mandate pursuant to section 416.3 of the Code of Civil Procedure requiring respondent court to issue an order quashing the service of summons on the ground that the court did not acquire in personam jurisdiction as the result of service of process on him outside the State of California.

On June 14, 1962, an action upon a promissory note was filed by one Nana Maxtow, naming as defendants the petitioner herein and Harry Pinch, real party in interest herein. Petitioner has not been served as such defendant. Pinch filed his answer to the complaint, together with a cross-complaint against petitioner and one Herman Josephson seeking to recover monies allegedly due under an oral agreement. Pursuant to an affidavit of cross-complainant, the court made its order for service by publication and petitioner was personally served with a copy of the cross-complaint and summons thereon while vacationing in Hawaii. The order for publication states that it appears from the affidavit that cross-defendant "resides out of the State of California" and that the residence of cross-defendant is "the Stardust Hotel, Room 1489, Las Vegas Blvd. South, Las Vegas, Nevada."

Pursuant to sections 416.1 and 417 of the Code of Civil Procedure, petitioner filed a timely notice of motion to quash service of summons, supported by his affidavit, in which he alleges that he is not now and has not been a resident of the State of California; that he is now, and for the past eleven years has been, a resident of the State of Nevada; that he is a registered voter in Nevada, owns real estate there, and owns vehicles registered in that state; that he owns no real estate in California and does not own any vehicles registered in this state; that he is engaged in business in Nevada and is not engaged in business in California. He then states that "[t]he transaction complained of in the alleged cross-complaint for damages served on me in Superior Court action No. 798278 involves a transaction which occurred wholly in the State of Nevada. The contract was to be performed in the State of Nevada. The land lies in the State of Nevada. All obligations under the contract were to be performed in the State of Nevada."

On Feburary 26, 1963, the motion was denied, the minute order of that date stating: "The appearance on the motion to quash is not made specially, but generally by Abraham Berman [counsel for petitioner]. Appearance fee has been

paid. The arguments made by affidavits on the merits in connection with the motion reinforce this conclusion.''

Petitioner, on March 12, 1963, filed a motion to reconsider the motion to quash. An additional affidavit of petitioner and one of his counsel were filed. In the latter it is alleged: ''The court in its Minute Order dated February 26, 1963, makes note of the fact that an appearance fee was paid. The clerk in the filing department demanded the fee and refused to receive the motion to quash without fee being paid.'' It contains other statements by which affiant attempts to show that statements in petitioner's original affidavit did not go to the merits of the case, but were intended to show only the lack of any contacts or activity of petitioner within the State of California and ''to negate the premise that the fact situation complained of has any nexus with California. This nexus being in the conflicts of law sense, i.e., facts arising in California such as a contract entered here, to be performed here, or prior agreement to submit any disputes for arbitration or adjudication here, or a prior granting of consent to be served by serving a California official such as the Secretary of State in exchange for doing business here, or an official of the State of California for the privilege of using California highways.'' Petitioner, in his affidavit, again alleges that he is not a resident of California and that he was not doing business in this state; that he is a resident of Nevada and was served with process while vacationing in the State of Hawaii. Reference is made to his original affidavit ''elaborating on these points.'' The notice states that it ''will be based upon the attached affidavits, points and authorities submitted herewith, and upon all the files, papers, and proceedings herein.''

After reconsideration, the court denied the motion to quash on March 28, 1963. Within 10 days after service of notice of such denial, the within petition for a writ of mandate was filed.

In resisting the issuance of the writ, it is the initial contention of real party in interest that the application was not timely made in this court in that it was not filed within ten days after service of notice of the ruling made February 26, 1963, upon the original motion. Section 416.3 of the Code of Civil Procedure provides: ''If a motion of a defendant or cross-defendant to quash service of summons, as provided in Section 416.1 of this code, is denied by the court, he may, before pleading, and within 10 days after service upon him of written notice of the order of the court denying the motion,

or within such additional time not exceeding 20 days as the court may allow, petition an appropriate appellate court for a writ of mandate directed to the court wherein the action or proceeding is pending requiring the entry of its order quashing the service of summons. . . ." Notice of the denial of petitioner's original motion was served upon him, through his attorney, by mail on February 28, 1963. He had 10 days within which to petition this court for a writ of mandate but, instead of following this procedure, petitioner filed a motion for reconsideration. Insofar as the first order of denial is concerned, the petition for mandate under this section was not timely made; however, as to the second order, made upon the renewed application, it was timely.

Real party in interest contends that the trial court was without jurisdiction to reconsider the matter or to make its second order. In reliance upon the general rule that the court has no power to set aside or amend judicial error except under appropriate statutory procedure, it is argued that reconsideration is limited to rulings on demurrers, or to a motion under the specific provisions of sections 473 and 663 of the Code of Civil Procedure.

We are of the view that the second motion was in effect a renewal of the motion to quash,—made with the permission of the court.[1] It was made upon the same grounds as the original motion and upon substantially the same showing. Leave to renew a motion is addressed to the sound discretion of the court. "In all ordinary motions, where the jurisdiction is not limited by statute, it is in the discretionary power of the court or judge hearing and denying a motion to grant leave for its renewal, and this discretion will not be interfered with, except in cases of palpable abuse. [Citation.] And the leave to renew a motion may be given after the original motion is denied. [Citation.]" (*Hitchcock* v. *McElrath,* 69 Cal. 634, 635 [11 P. 487].) And in *Johnston* v. *Brown,* 115 Cal. 694 [47 P. 686], involving a second application for a change of the place of trial, it is stated, page 697: "The court was not precluded from making the order by reason of a former application having been denied. The doctrine of *res judicata* is not applicable to motions in a pending action.

---

[1]The minute order of the court reads: "Motion of defendant Samuel Josephson to reconsider: *Reconsidered.* Motion of defendant Samuel Josephson for order to quash summons (Submitted March 19, 1963): Motion denied." (Italics added.)

[Citations.] A previous denial of the same motion may be a sufficient reason for the court to refuse to entertain it again (Code Civ. Proc., § 182); but this is a matter which is addressed to its discretion, and it will be presumed to have properly exercised its discretion if it permits the motion to be presented a second time." See also, *Mission Film Corp.* v. *Chadwick Pictures Corp.*, 207 Cal. 386, 389 [278 P. 855]; *Tiffany Productions, Inc.* v. *Superior Court*, 131 Cal.App. 729, 734-735 [22 P.2d 275].

 Successive applications upon the same statement of facts are to be discouraged (see *Connell* v. *Bowes*, 49 Cal.App. 2d 542, 544 [122 P.2d 71]), and a court will ordinarily refuse to consider repeated motions supported by substantially the same showing as the one denied (*Mission Film Corp.* v. *Chadwick Pictures Corp., supra*, p. 389; *Yellow Mfg. Acceptance Corp.* v. *Stoddard*, 93 Cal.App.2d 301, 305-306 [208 P.2d 1040]; *City & County of San Francisco* v. *Muller*, 177 Cal. App.2d 600, 603-604 [2 Cal.Rptr. 383]; 2 Witkin, California Procedure, § 12, p. 1649); however, it obviously is not obliged to do so (Code Civ. Proc., § 1008).

Section 1008, Code of Civil Procedure,[2] sets forth the requirements of a renewal of motion, from which it is apparent that the court has the power to prevent vexatious and repeated applications on the same point. However, the requirements of this section do not go to the *jurisdiction* of the court to entertain the second motion. (*Andersen* v. *Superior Court*, 187 Cal. 95, 102 [200 P. 963]; *Pacific States Corp.* v. *Grant*, 87 Cal.App. 108, 111 [261 P. 1100]; *Tiffany Productions, Inc.* v. *Superior Court, supra*, p. 735; *Moore* v. *Moore*, 133 Cal.App.2d 56, 60 [283 P.2d 338]; *Radlinski* v. *Superior Court*, 186 Cal.App.2d 821, 823 [9 Cal.Rptr. 73]; 34 Cal.Jur. 2d § 14, p. 518; 1 Witkin, California Procedure, § 252, pp. 771-772; 2 Witkin, California Procedure, § 12, p. 1649.)

---

[2]Section 1008, Code of Civil Procedure, provides: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted conditionally, or on terms, and subsequent application for the same order, upon an alleged different state of facts, shall be made, it shall be shown by affidavit what application was before made, when and to what judge, what order or decision was made thereon and what new facts are claimed to be shown. For a failure to comply with this requirement any order made on such subsequent application may be revoked or set aside on ex parte motion.

"A violation of this section may be punished as a contempt; and an order made contrary thereto may be revoked by the judge or commissioner who made it, or vacated by a judge of the court in which the action or proceeding is pending."

The basic rule is stated in *Andersen* v. *Superior Court, supra,* in which, in reliance upon former section 182, Code of Civil Procedure, the forerunner of present section 1008, the appellant had contended that the court had no jurisdiction to rehear a motion to vacate a dismissal of an action for want of prosecution. The court states, page 102: "Section 182 does not apply to the renewal of a motion refused for informality of the moving papers or proceedings, or in cases where leave to renew is given; and, in any event, does not go to the jurisdiction of the court to entertain a second motion. The penalty is provided by section 183 of the Code of Civil Procedure, and is punishment for contempt, and authority to the court to set aside an order obtained by a violation of the rule." In *Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627, 634 [150 P.2d 881], the court says: "It is further contended that the order denying the first motion for a stay is res judicata as to the subsequent motion. While the plea of res judicata may be a good defense to an action in which it is interposed, it does not deprive the court of jurisdiction over the action nor does it deprive the court of jurisdiction to pass upon and decide a motion after it has previously decided a like motion. Its action upon the second motion may be erroneous, but it is not in excess of jurisdiction. (*Harth* v. *Ten Eyck,* 16 Cal.2d 829, 832 [108 P.2d 675].)"

Thus the court, in its discretion, having determined to reconsider the matter, and having the renewal motion before it, had the power to dispose of same and the second order of denial is reviewable under the provisions of section 416.3, Code of Civil Procedure. (Cf., *Harth* v. *Ten Eyck,* 16 Cal.2d 829, 832-833 [108 P.2d 675]; *Bice* v. *Stevens,* 160 Cal.App.2d 222, 226 [325 P.2d 244]; *Carver* v. *Platt,* 179 Cal. App.2d 140, 141-142 [3 Cal.Rptr. 687]; *Majors* v. *County of Merced,* 207 Cal.App.2d 427, 435 [24 Cal.Rptr. 610].)

The question then is whether the court improperly denied the second motion. It has stated no reasons for that ruling. After a review of the record we have concluded that, upon the showing made, there is no basis therefor. Unquestionably the relief sought against petitioner by the cross-complaint is a personal money judgment. It is undisputed that petitioner did not, at any time relevant herein, reside within the State of California. Therefore, service upon him outside the state was ineffectual to give the court power to enter a

personal judgment against him (Code Civ. Proc., § 417;[3] *Hartford* v. *Superior Court*, 47 Cal.2d 447, 453, 457 [304 P.2d 1]), unless he voluntarily made a general appearance in the action.

The burden of the argument of real party in interest herein is that certain matters contained in petitioner's affidavit "go to the jurisdiction over the subject matter" and thus constitute a general appearance. Reference is made to the allegations that the action involves a transaction which occurred wholly in the State of Nevada; that the contract was to be performed in Nevada; that the land lies in Nevada, and that all of the obligations under the contract were to be performed in that state. This contention of real party cannot be sustained.

"The test as to whether an appearance is general or special is, 'Did the party appear and object only to consideration of the case or any procedure in it because the court had not acquired jurisdiction over the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in the pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. The rule in this regard may be epitomized by saying that if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he had made a general appearance.' (*Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361]; see also *Hernandez* v. *National Dairy Products Co.*, 126 Cal.App.2d 490 [272 P.2d 799].)" (*Armstrong* v. *Superior Court*, 144 Cal.App.2d 420, 423 [301 P.2d 51].)

It is further held in the cited case of *Hernandez* v. *National Dairy Products Co.*, 126 Cal.App.2d 490 [272 P.2d

---

[3]Code of Civil Procedure, section 417, "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service."

799], that matters stated in the affidavits or argument in support of a motion may not expand the nature and grounds of the motion itself. The court states, page 493: "A notice of motion must state the grounds upon which the motion is to be made. (Code Civ. Proc., § 1010.) Unless leave of court is obtained, the motion may not be made upon any grounds other than those enumerated in the notice of motion. If new matter were permitted in the actual motion, a notice of motion would be reduced to little purpose other than to advise the time and place of hearing. Actually, however, it must also sufficiently define the issues for the information and attention of the adverse party and the court. [Citation.]

"In *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405], the court said: 'The grounds of the motion must be stated in the notice (Code Civ. Proc., § 1010) and the court can only consider the grounds so stated. . . .' To the same effect are *W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352, 359 [251 P. 959]; *Garrett* v. *Garrett,* 31 Cal.App. 173 [159 P. 1050]; *Mojave etc. R.R. Co.* v. *Cuddeback,* 28 Cal.App. 439, 442 [152 P. 943]."

In the instant case, therefore, the court was limited to a consideration of the ground stated in petitioner's notice of motion. It is there stated that "[s]aid motion will be made upon the grounds that the above-entitled court has no personal jurisdiction over the said Samuel Josephson," and petitioner sought only "to quash service of summons upon him." He sought no other or further relief. We are satisfied that this notice is aimed only at challenging jurisdiction of the person. As stated in *Armstrong* v. *Superior Court, supra,* page 423: "The fact that he attempted to demonstrate that the court did not have jurisdiction of his person because he was not a party to the action by citing authorities which he mistakenly believed supported his contention did not change his appearance from a special one to a general one." (See also *Braden Copper Co.* v. *Industrial Acc. Com.,* 147 Cal.App.2d 205, 209 [305 P.2d 222].) Likewise, here, any statements contained in the supporting affidavits which might be construed as an attack upon subject matter jurisdiction, or which petitioner may have mistakenly believed supported his stated position, are irrelevant and are to be ignored.

It is our conclusion that the motion as noticed did not constitute a general appearance.[4] Let a peremptory writ of

---

[4]This court takes judicial notice of the fact that a filing fee is required for the filing of a "first paper in any civil action or proceeding"

mandate issue, requiring respondent court to enter its order quashing the service of summons upon petitioner in action Number 798278 in that court.

(Code Civ. Proc., § 405.5). Such payment does not constitute a general appearance. Nor does a motion to reconsider the denial, per se, constitute a general appearance. (See *Varra* v. *Superior Court*, 181 Cal. App.2d 12, 14 [4 Cal.Rptr. 920].)